IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN BORDERS,<br>      Plaintiff,<br><br>      v.<br><br>SHARON HILL BOROUGH,<br>      Defendant. | CIVIL ACTION<br>2:17-cv-04429-AB |

**June 25, 2019**                                                                                                                                                                   **Anita B. Brody, J.**

<u>**MEMORANDUM**</u>

      Plaintiff Susan Borders ("Borders") brings this lawsuit against Defendant Sharon Hill Borough ("Sharon Hill"). Sharon Hill formerly employed Borders as a Library Director at the Sharon Hill Public Library but terminated her employment in February 2017. Borders asserts three causes of action stemming from her termination.[1] First, she alleges that Sharon Hill retaliated against her for engaging in speech protected by the First Amendment of the United States Constitution in violation of 42 U.S.C. § 1983. Second, she alleges that Sharon Hill retaliated against her for engaging in activity protected by the Pennsylvania Whistleblower Law, 43 P.S. § 1421, *et seq.* Third, Borders asserts a common law claim for wrongful termination.

      Sharon Hill moves for summary judgment on each of Borders's claims. I will grant Sharon Hill's motion for summary judgment on Borders's claim for First Amendment retaliation and decline to exercise continuing supplemental jurisdiction over Borders's state law claims.[2]

**I. Background**

      Plaintiff Susan Borders worked as a part-time Library Director for the Sharon Hill Public

---

[1] Borders also brought and subsequently voluntarily dismissed three employment discrimination claims. *See* ECF Nos. 33, 34.
[2] The Court has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

1

Library. Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts ("Pl.'s Facts") ¶¶ 1-2. The library is operated by Defendant Sharon Hill Borough, a municipal entity in Delaware County, Pennsylvania. Borders's job duties included supervising the library's operations and its other part-time workers. *Id.* ¶ 4.

In late 2016, Borders noticed what she perceived to be a decrease in proposed annual funding for the library. *Id.* ¶ 9. Borders's "professional opinion regarding the decreased library budget allocation" was that the amount allocated for the library was approximately $2,500 less than it was the year before. *Id.* When Borders voiced her concerns to her supervisors and others, her supervisors contested her characterization as unfounded and inaccurate. *Id.* ¶¶ 10-11. Subsequently, Borders made another complaint "that in her opinion under Pennsylvania state law," the Sharon Hill Public Library's governing board was not appropriately composed. *Id.* ¶¶ 16, 19. She voiced this complaint to her superiors and to the Sharon Hill Borough Council. *Id.* ¶ 16.

Sharon Hill Borough terminated Borders's employment in February 2017. *Id.* ¶ 33.

## II. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Id.* In ruling on a motion for summary judgment, the court must draw all inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  After the moving party has met its initial burden, the nonmoving party must then "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.  Both parties must support their factual positions by: "(A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

The inquiry at summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**III. Discussion**

Sharon Hill moves for summary judgment on each of Borders's claims.  I will grant Sharon Hill's motion for summary judgment on Borders's claim for First Amendment retaliation and decline to exercise continuing supplemental jurisdiction over Borders's state law claims.

<u>1.  Borders's 42 U.S.C. § 1983 First Amendment Retaliation Claim</u>

On each of Borders's claims, including her § 1983 First Amendment retaliation claim, Borders sues only one defendant: Sharon Hill Borough, a Pennsylvania municipal entity. Borders does not name any other entity in this lawsuit.  Borders fails, for instance, to name as a defendant any individual Sharon Hill employee who might have been subject to suit under § 1983 in this case.  *See, e.g.*, *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (Plaintiff may proceed with § 1983 lawsuit against individual defendants where plaintiff demonstrates individual defendant's "personal involvement in the alleged wrongs.")

3

(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988)). Because Borders sues only Sharon Hill Borough, *Monell* and subsequent caselaw, which govern all § 1983 claims against municipal entities, governs Borders's First Amendment retaliation claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *Mulholland v. Gov't Cty. of Berks, PA*, 706 F.3d 227, 237 (3d Cir. 2013).

Under *Monell*, "[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Mulholland*, 706 F.3d at 237 (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell*, 436 U.S. 658)). Under this framework, a municipality "may not be held liable for constitutional torts under § 1983 on a vicarious liability theory." *Id.* Instead, "to establish municipal liability under § 1983, [a plaintiff] must show that they were deprived of 'rights, privileges, or immunities secured by the Constitution and laws,' and that the deprivation of those rights was the result of an official government policy or custom." *Id.* at 238 (footnote omitted).[3]

Borders does not offer any evidence or legal argument that her firing "was the result of an official government policy or custom." *Id.* Because Borders fails to make any factual showing or argument to support or even address this requirement of her *Monell* claim, her claim cannot survive summary judgment. *See Celotex*, 477 U.S. at 322 (To withstand summary judgment, nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to [her] case."). I will therefore grant Sharon Hill Borough's motion for summary

---

[3] *See also*, *e.g.*, *Talbert v. Corizon Inc.*, 711 F. App'x 668, 670 (3d Cir. 2017) (holding that District Court properly determined that plaintiff's § 1983 First Amendment claim under *Monell* failed where plaintiff did not "allege facts plausibly demonstrating the existence of a relevant custom or policy").

4

judgment on Borders's First Amendment retaliation claim.

### 2. Supplemental Jurisdiction over Borders's State Law Claims

Under 28 U.S.C. § 1367(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).

I decline to exercise supplemental jurisdiction over Borders's remaining state law claims for wrongful termination and whistleblower retaliation. Although Sharon Hill also seeks dismissal of these claims on substantive grounds, I will dismiss these claims solely on the basis that I decline to exercise supplemental jurisdiction over them. I will therefore grant Sharon Hill's motion for summary judgment without prejudice to Borders to refile these claims in state court.

## IV. Conclusion

I will grant Sharon Hill's motion for summary judgment on Border's only pending federal cause of action for First Amendment retaliation. I will decline to exercise continuing supplemental jurisdiction over Borders's state law claims.

                                                       __S/Anita B. Brody_____
                                                     ANITA B. BRODY, J.

Copies **VIA ECF** on _____